# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT H. RHYNE, JR., ET AL.** | **:** | **DOCKET NO. 6:11 CV 0704** |
| **VS.** | **:** | **JUDGE DOHERTY** |
| **RICHARD ADAM MAGER, ET AL.** | **:** | **MAGISTRATE JUDGE HILL** |

## <u>MEMORANDUM RULING</u>

Pending before the undersigned is the Motion to Remand filed by Robert H. Rhyne, Jr. and Brent Trauth (collectively "plaintiffs").  [rec. doc.4].  By this Motion, plaintiffs seek to remand this suit to the 16th Judicial District Court for St. Martin Parish. Removing defendants, Richard Adam Mager ("Mager") and Cove Partners, LLC ("Cove"), have filed Opposition and Supplemental Opposition. [rec. docs. 8 and 11]. Opposition has also been filed by Dennis R. Sciotto ("Sciotto"), Edward E. Colson, III ("Colson") and Ronald E. Gerevas ("Gerevas"). [rec. doc. 7]. Oral argument was heard and the Motion was taken under advisement. [rec. doc. 15].  For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and, accordingly, this lawsuit will be remanded to state court.

## BACKGROUND

The following constitutes a summary of the complex procedural history of this litigation.  Plaintiffs, former sole shareholders Preheat, Inc., originally filed suit in this court against Omni Energy Services Corp. ("Omni"), members of its Board of Directors

including Brian J. Recatto ("Recatto"), Sciotto, Colson and Gerevas, Cove (an investment company) and Cove's investment advisor, Mager, alleging federal securities fraud and ERISA claims, as well as Louisiana state law claims, seeking amongst other relief, nullification of a stock purchase sale agreement ("SPSA").  *See Rhyne, et al. v. OMNI, et al,*  6:08cv0594 (W.D. La. 2008).  By Judgment dated June 23, 2009, the plaintiffs' federal claims were dismissed with prejudice for failure to state a claim upon which relief could be granted; the plaintiffs' Louisiana state law claims were dismissed "without prejudice to their reassertion in an appropriate state court." [*Id*. at rec. doc. 52].

Thereafter, on June 5, 2009 Omni filed suit against plaintiffs in the 15th Judicial District Court for Lafayette Parish.  That suit remains pending.

On November 12, 2009, plaintiffs filed suit in the 16th Judicial District Court for Iberia Parish naming, amongst others, Omni, Recatto, Sciotto, Colson, Gerevas, Cove and Mager.  That suit was dismissed on April 27, 2010 without prejudice.  The court found that venue in Iberia Parish was improper because the venue selection clause in the SPSA (which named Lafayette Parish as the proper venue) was binding and enforceable.

On May 6, 2010, plaintiffs filed suit in the 16th Judicial District Court for St. Martin Parish naming, amongst others, Omni, Recatto, Sciotto, Colson, Gerevas, Cove and Mager. A Supplemental and Amending Petition was filed on September 14, 2010.  In response, the defendants filed various exceptions including exceptions of *lis pendens* and improper venue.

2

A judgment dated April 26, 2011 was entered on the exceptions consistent with the court's April 8, 2011 Reasons for Judgment.  In pertinent part, the state court granted the exceptions of *lis pendens* and improper venue as to Omni and Recatto, finding that Recatto had been sued only in his capacity as a board member and, thus, venue was proper in Lafayette Parish pursuant to the SPSA; the exceptions of *lis pendens* and venue were denied as to Mager and Cove;  the exceptions of *lis pendens* and venue filed by Sciotto, Colson and Gerevas as to allegations of actions outside the scope of their duties as board members were denied, but granted with respect to claims asserted against them in their capacity as board members.[1]  The Judgment was deemed final as to Omni and Recatto, since all claims asserted against them were dismissed.   The Judgment was mailed to all parties on April 29, 2011.

Since Omni and Recatto, the sole non-diverse defendants, had been dismissed from the lawsuit, on May 6, 2011, Mager and Cove removed this action to this court alleging diversity jurisdiction as the basis for removal. [rec. doc. 1].  The Notice of Removal is not signed by counsel for the other remaining defendants and does not state whether the other remaining defendants consent to the removal.  Moreover, there are no written consents to removal which have been filed on behalf of these defendants.

---

[1] The Ruling notes that Omni's exception of improper cumulation was denied as moot. However, the undersigned has reviewed the state court pleadings submitted to this court upon removal and cannot find that an exception of improper cumulation was filed.

On June 5, 2011, plaintiffs filed the instant Motion to Remand, asserting three grounds as the basis for their Motion: (1) that the removal violates the "voluntary-involuntary rule" because the case did not become removable by a voluntary act of the plaintiffs; (2) that the removal is defective because all defendants did not join in the removal as required by the "rule of unanimity"; and (3) that the removal was untimely. Pursuant to this court's standing Orders, the Motion has been referred to the undersigned Magistrate Judge for disposition.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction.  We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  Thus, as the parties invoking this court's jurisdiction, the removing defendants, Cove and Mager, bear the burden of establishing federal subject matter jurisdiction.  Moreover, the removal statute is strictly construed, and doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Louisiana v. Aspect Energy, LLC*, 2011 WL 3759754, *2 (W.D. La. 2011),  aff'd, 2011 WL 5238666 (W.D. La. 2011) *citing Shamrock Oil & Gas Corp. v.. Sheets*, 313 U.S. 100 (1941) and *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988) *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Mumfrey v. Anco Insulations, Inc.,* 2011 WL 1527180, *4 (E.D. La. 2011)

citing *Manfunco v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removal statute provides generally that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If an action is not initially removable, but later becomes removable, the third paragraph of § 1446(b) directs that, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also Aspect Energy,* 2011 WL 3759754 at *2 *citing McCabe v. Ford Motor Co.*, 2010 WL 2545513, *5 (E.D. Tex. 2010).

*Consent to Removal*

In the Fifth Circuit, the "rule of unanimity" requires that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the thirty day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996) *citing Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988); *Aspect Energy,* 2011 WL 3759754 at *2 . In order to "join" in the removal petition, "there [must] be 'some timely filed written indication from each served defendant . . . that it has actually consented to such action.'"

*Gillis v. Louisiana,* 294 F.3d 755, 759 (5ᵗʰ Cir. 2002) *quoting  Getty Oil*, 841 F.2d at 1262 fn. 11.[2]  Failure to do so, renders the removal defective.  *Getty Oil*, 841 F.2d at 1262; *Aspect Energy,* 2011 WL 3759754 at *2 .  Thus, in the absence of an exception to this general "rule of unanimity", the failure of all defendants to join in, or otherwise consent to, removal requires the case to be remanded to state court.  *Jones*, 929 F.Supp. at 988; *Aspect Energy,* 2011 WL 3759754 at *3.

Here, the notice of removal, as well as the entire record of this proceeding, clearly establishes that not all properly served defendants consented to removal.  The May 6, 2011 Notice of Removal was filed solely on behalf of defendants Cove and Mager. [*See* rec. doc. 1].  The defendants present no argument in opposition to the plaintiff's assertion that while all of the remaining defendants are identified in the Notice of Removal, there is no evidence that each of these defendants independently consented to the removal by timely filing some written indication of consent to the removal.

Moreover, none of the remaining defendants have asserted that they were not properly served in the state court proceeding.  Indeed, the record clearly establishes that at least one of the remaining defendants, Sciotto, was served via the Louisiana Long-Arm Statute on June 15, 2010. [rec. doc. 4-10, pgs. 2 and 3, June 10, 2010 certified mail receipt and June 15, 2010 return].

---

[2]The *Getty* court explained that this consent must be in writing, because "[o]therwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty*, 841 F.2d at 1262 n. 11.

6

The record also clearly establishes that at least one remaining insurer, defendant, XL Specialty Insurance Company ("XL"), was served through the Louisiana Secretary of State on June 11, 2010. [rec. doc. 1-2, pgs. 28-29, 39, 50-51].  Furthermore, the record reveals that the state court's Judgment on the exceptions, the ruling which the removing defendants contend rendered the case removable, was mailed to all parties, including counsel for Sciotto and XL on April 29, 2011. [rec. doc. 1-10, pg. 100].  Finally, the record reveals that the Notice of Removal was served on all counsel of record, including counsel for Sciotto and XL on May 6, 2011. [rec. doc. 1, pg. 4].  Neither XL nor Sciotto, has filed any timely written indication of their consent to the removal.

Moreover, while Sciotto has filed Opposition to the instant Motion, that Opposition was not filed until June 27, 2011, after the thirty day period set forth in 28 U.S.C. § 1446(b) had expired.  Accordingly, to the extent that this pleading could be construed as a written consent to removal, the pleading is untimely.

For these reasons, the undersigned finds that Cove and Mager's Notice of Removal is procedurally defective in that not all defendants have consented to the removal.  This defect renders the Notice of Removal invalid, and this court must therefore remand this

case to state court.[3] [4]

*Plaintiffs' Request for Costs, Expenses and Attorney Fees*

Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendants, Cove and Mager, for improper removal of this case.  This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal.  *Martin v. Franklin Capitol Corp*., 546 U.S.  132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D. La. 1996).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000).  Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal

---

[3]Plaintiffs' Motion to Remand contains several alternative grounds which they contend warrants remand. However, the undersigned's determination that the removing defendants, Cove and Mager, failed to satisfy the rule of unanimity is sufficient justification for remand, in and of itself. Therefore, because remand is proper on this ground alone, the undersigned need not address those ancillary issues raised in plaintiffs' motion to remand.

[4]The undersigned also notes that it appears that this case was removed before the parties had the opportunity to challenge the state court's ruling.  Upon remand, the parties may therefore appeal or seek supervisory writs in the Louisiana Third Circuit Court of Appeal, the appellate court having jurisdiction over the Lafayette and St. Martin Parish district courts, thereby providing the parties an opportunity to have all related cases tried in the same venue, relief which is unavailable in this court.

in this case was objectively unreasonable.  Accordingly, plaintiffs' request for costs, expenses and attorney fees is denied.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

Based on the foregoing, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court. It is further ordered that plaintiffs' request for costs, expenses and attorney's fees will be **DENIED.**

Signed this 2nd day of April, 2012, at Lafayette, Louisiana.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE